GOULD, Circuit Judge,
dissenting:
The majority opinion concludes that the factors at issue in this case did not give a particularized and objective basis for the agents’ reasonable suspicion that any member of Manzo-Jurado’s group was an illegal immigrant, and thus that the temporary seizure of the vehicle and questioning of its occupants was unconstitutional. However, our assessment of whether a detaining officer has such a basis must take into consideration the officer’s infer- *941 enees from the information available to him or her, even when those inferences might elude a person without similar experience and training. See United States v. Arizu, 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); United States v. Brignoni-Ponce, 422 U.S. 873, 885, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). I view the Supreme Court’s language in Arvizu to require some degree of deference to the skilled judgment of immigration officials.
In light of this, although it may be a close case, I would hold that the agents’ familiarity with the Havre community; their observation of a group of Hispanic-looking men at a football game who appeared to be a work-crew and were speaking only to each other, and only in Spanish; and the agents’ particularized knowledge that work crews in the area “were frequently made up of foreign nationals, and on occasion included illegal aliens” established the requisite reasonable suspicion to warrant the seizure and questioning. The seizure and questioning doubtless would be of only minimal impact on all the subjects, except Appellant, who after the brief seizure of the vehicle by delaying it could have responded that they were lawfully in the United States. The impact on Appellant of giving a truthful answer to the agents’ query about papers was a consequence of his illegal presence in the United States; his interest in maintaining a covert illegal presence is not one to which our constitutional law needs give primacy under these circumstances. The intrusion on privacy of all these individuals, including Appellant, was minimal and the law enforcement needs to control illegal immigration are significant.
I respectfully dissent.